UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| MICHAEL YABAI, | : | |
| Plaintiff, | : | **MEMORANDUM and ORDER** |
| -against- | : | 07 Civ. 7255 (LAP)(KNF) |
| BUILDING SERVICE 32BJ BENEFIT FUNDS, | : | |
| Defendant. | : | |

------------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Michael Yabai ("Yabai") commenced this action pro se, pursuant to the Employee Retirement Income Security Act of 1974. According to Yabai, he submitted an application for disability benefits to the defendant, and the defendant denied his application wrongfully. In denying the plaintiff's application for disability benefits, the defendant advised the plaintiff that, although its records indicated Yabai worked sporadically throughout the years 1977 through 1992, he did not accumulate 120 months of "Service Credit," an eligibility requirement for disability benefits under the pertinent plan(s) administered by the defendant.

      Yabai has made an application to the Court that counsel be appointed to assist him in prosecuting this action. His application is addressed below.

      Unlike criminal defendants, indigent litigants, like Yabai, who file civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. The plaintiff made an application to proceed in forma pauperis, which was granted. Therefore, he is within the class to

whom 28 U.S.C. § 1915(e)(1) speaks.  However, it is incumbent upon a person who requests, as Yabai does, that the Court appoint counsel for him in a civil matter to make some effort to engage counsel and, thereafter, be prepared to advise the Court of that effort so that the Court may weigh this in determining whether, in the circumstance of any particular case, appointing counsel for the person is warranted.  Where, in a civil action, an applicant for appointment of counsel fails to make any effort to engage counsel, appointing counsel for the applicant would not be appropriate.  See Abukar v. Commissioner of Social Security, No. 07 CV 1770, 2007 WL 2729858, at *2 (S.D. Cal. Sept. 19, 2007).  In the case at bar, Yabai's application for court-appointed counsel indicates that he has made no effort to find an attorney to represent him.  This militates against granting his application for court-appointed counsel.

In addition, "[i]n deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance."  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596 (1991).  This means that it appears to the court "from the face of the pleading," Stewart v. McMickens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), that the claim(s) asserted by the plaintiff "may have merit," Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999), or that the "[plaintiff] appears to have some chance of success . . . ."  Hodge, 802 F.2d at 60-61. From the face of the plaintiff's complaint, which has as an attachment, inter alia, the decision rendered by the defendant denying Yabai's request for disability benefits, it does not appear to the Court that the claim asserted by Yabai, that the defendant denied his request for disability benefits wrongfully, has merit.  This too militates against granting Yabai's request for court-appointed counsel.

In a circumstance such as this, where an applicant for court-appointed counsel has made no effort to engage counsel and, further, where the merit of the applicant's claim is suspect, the Court finds that the appointment of counsel is not warranted. Therefore, the plaintiff's application, for the appointment of counsel, is denied.

Dated: New York, New York
November 13, 2007

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Michael Yabai
Michael Geffner, Esq.

3