```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL YABAI,                                             :
                                                           :
                        Plaintiff                          :
                                                           :
        -v-                                                :
                                                           :   07-CV-7255 (LAP)
BUILDING SERVICE 32BJ BENEFIT FUNDS,                       :
                                                           :
                        Defendant,                         :
                                                           :
-----------------------------------------------------------X
```

## DEFENDANT'S MEMORANDUM OF LAW

Defendant Building Service 32BJ Benefit Funds ("Funds") respectfully submits the following Memorandum of Law in support of the Funds' motion for summary judgment.

## PRELIMINARY STATEMENT

This is an action by Plaintiff Michael Yabai ("Plaintiff"), a former participating member of the Funds, challenging the Funds' decision to deny his application for disability benefits.

The Funds will demonstrate that the decision to deny benefits was based on substantial evidence and that Plaintiff does not have admissible evidence to support his cause of action.

## FACTS

The Facts are as set forth in the accompanying affidavit of Mario Bulding, the Funds' Director of Retirement Services, and the Funds' Statement of Material Facts.

# I.

## **SUMMARY JUDGMENT IS APPROPRIATE**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The burden is on the movant to establish the absence of any issues of material fact, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and the facts must be construed in the light most favorable to the non-moving party. Meir v. Dacon, 759 F.2d 989 (2nd Cir. 1985). The non-movant, however, may not defeat summary judgment merely by pointing to a potential factual issue; there must be a genuine issue of material fact. City of Yonkers v. Otis Elevator Co, 844 F.2d 42 (2nd Cir. 1988).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of fact. Rivera v. Building Service 32B-J Pension Fund, 2003 U.S. Dist. LEXIS 12640 (SDNY Docket No. 02-CV-7844, July 23, 2003), aff'd 88 Fed App. 442 (2004)

The facts in this case are based on the terms of the Funds' Pension Plan and Health Plan and Plaintiffs' earnings statement from Social Security, to which there is no contrary evidence. They show that Plaintiff, at the time he left covered employment, did not have the requisite service credit for disability pension, nor the requisite consecutive working time for long term disability. The Funds submit that, upon the Court's review of the material facts and application of the law, there will exist no triable issues, thereby making summary judgment appropriate.

## II.

## THE FUNDS' DECISION MUST BE REVIEWED
## UNDER THE "ARBITRARY AND CAPRICIOUS" STANDARD

The Supreme Court has held that a "denial of benefits challenged under ERISA is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary the discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When a plan's trustees are given such discretion, however, the courts shall review their decisions with "a strong measure of deference", and may only overrule the trustees' decisions if they are found to be arbitrary and capricious. Schwartz v. Newsweek, Inc. 827 F.2d 879, 881 (2nd Cir. 1987): Seff v. National Organization of Industrial Trade Unions Insurance Fund, 781 F. Supp. 1037 (SDNY 1992). A decision by the Funds concerning eligibility for benefits under the plans would be arbitrary and capricious "only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." Pulvers v. First Union Life Insurance Co, 210 F.3d 89, 92 (2nd Cir. 2000), citing Pagan v. NYNEX Pension Plan. 52 F.3d 438, 442 (2nd Cir. 1995).

The 32BJ Pension Plan gives the Funds' Trustees the "sole and absolute discretionary authority" to interpret the plan and to determine eligibility for benefits. The 32BJ Health Plan gives the Trustees the "sole and absolute discretion" to determine an applicant's eligibility for disability benefits. Both the Southern and Eastern Districts of New York have, on numerous occasions, held that the Trustees of the various 32BJ Benefit Plans have full discretion to determine benefit claims and to interpret the Plans, and therefore their decisions must be reviewed under the arbitrary and capricious standard. See Sekoulovic v. Building Service 32BJ Health Fund, 2001 U.S. Dist. LEXIS 8042* 11-12 (SDNY Docket No. 99-CV-10321, June 18, 2001; Rosario v. Local 32BJ-32BJ, 2001

U.S. Dist. LEXIS 11919*9 (SDNY Docket No. 00-CV-7557); Perezic v. Building Service 32BJ Pension Fund, 2005 U.S. Dist. LEXIS 17178 (EDNY Docket No. 05- CV- 3768, August 17, 2005); Kocaj v. Building Service 32BJ Health Fund, 1998 U.S. Dist. LEXIS 14384 (SDNY Docket No. 98-CV-1096, Sept. 9, 1998).

### III.

### THE FUNDS' DECISION WAS SUPPORTED BY THE EVIDENCE

The Funds' determination in this case was based on clear-cut facts and circumstances, which do not appear to lend themselves to alternate interpretation or serious challenge. The relevant plan provisions are unambiguous and not in dispute: disability pension eligibility requires an aggregate 120 months of service credit, and long term disability eligibility requires 36 months of consecutive covered employment up to the date one left employment due to the disability. Further, the pension service credits are subject to the Plan's break in service rules, which provide that a break in service equalling or exceeding previous, non-vested service has the effect of cancelling that previous credit.

In Plaintiff's case, the Social Security earnings report establishes that he had a total of 98 months service credit when he left covered employment for good in 1991. His 2-3 years of service from 1975 through 1977 were cancelled due to his not working in the building industry for 3 years from 1978 through 1980. When he returned to covered employment in 1981, he in effect started from scratch, as a new covered employee with no previous service credit. He last worked in covered employment in late 1991, but his service from 1981 through 1991 was not continuous, as he did not work at all in the years 1984 and 1986. While these breaks were not permanent and did not cancel earlier credit, he of course earned no credit while not working, and his total months for the 1981-1991 period amounted to 98, well short of the required 120. Plaintiff did not meet the threshold

service requirement, and was therefore not entitled to a disability pension.

Plaintiff was also ineligible for long term disability benefits under the 32BJ Health Plan, for a somewhat different reason. Plaintiff left the industry in 1991, bu the record establishes that his mental disability did not arise until at least 5 years later. His Social Security disability award found that the onset of the disability was June, 1996; his treating physician, Dr. Edward Laski, reported to the Fund that the symptoms of his mental condition first manifested themselves in December, 1997. Either way, Plaintiff's disability, if he has one, did not cause him to leave covered employment, as required by the Health Plan, and he had not been a covered member of the Health Fund for the previous three years at the time he allegedly became disabled. Plaintiff was accordingly not eligible either for disability benefits under the terms of the Health Plan, nor was he eligible for a disability pension under the terms of the Pension Plan. The Trustees' decision to deny both benefits was correct and appropriate pursuant to the record before them, was based on substantial evidence, and not arbitrary. The decision cannot be overturned.

## CONCLUSION

For all the reasons set forth above, the Court should grant summary judgment in favor of defendant Fund, and dismiss the complaint of Plaintiff.

Dated: New York, New York
       January 28, 2008

Respectfully submitted,
Raab, Sturm, Goldman & Ganchrow, LLP

By: _____
Michael Geffner (MG-6785)
317 Madison Ave., Suite 1708
New York, New York 10017
Tel: (212) 683-6699
Fax: (212) 779-8596