UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL YABAI,

             Plaintiff

             -v-

BUILDING SERVICE 32BJ BENEFIT FUNDS,

             Defendant,
-----------------------------------------------------------X

**STATEMENT OF MATERIAL FACTS**

07-CV-7255 (LAP)

Defendant Building Service 32BJ Benefit Funds ("Funds") submits the following statement of Material Facts pursuant to the Rules of the Southern District of New York:

1. Plaintiff Michael Yabai ("Plaintiff") submitted an application to the Funds, for disability benefits on or about August 7, 2006 (Exhibit A).

2. By letter dated September 14, 2006, Plaintiff was informed by the Funds that he was not eligible for disability benefits (Exhibit B).

3. Plaintiff appealed the determination to the Fund Trustees. By letter dated December 18, 2006, Plaintiff was informed that the appeal was denied (Exhibit C).

4. The rules of the 32BJ Pension Plan provide that a participant is eligible for a disability pension if he is totally and permanently disabled; has at least 120 months of service credit; and became disabled while working in covered employment (Exhibit D, page 11).

5. The rules of the Pension Plan also provide that a participant who has not achieved vesting status has a permanent break in service if, after June 30, 1976, he has consecutive one-year breaks that equal or exceed the number of years of vesting service with which he has already been credited. (Exhibit D, page 17).

6. Plaintiff incurred a permanent break in service during the years 1978-1980, cancelling his previous credit. His work history in covered employment, as reported by the Social Security Administration, was as follows:

| | |
|---|---|
| Ogden Allied Maintenance | 1975-1977 |
| Temco Service Industries | 1981-1983 |
| Temco Service Industries | 1985 |
| Temco Service Industries | 1987-1991 |

(Exhibit E; Bulding Affidavit)

7. Plaintiff's total service credit, following his permanent break in service, for the period 1981 through 1991 was 98 months. (Exhibit F)

8. The rules of the 32BJ Health Plan provide that a participant is eligible for long-term disability benefits if he is totally and permanently disabled; became disabled while in covered employment; and had at least three years of eligibility in the Health Fund at the time he stopped working due to the disability (Exhibit G, page 11).

9. The Social Security Administration found that the onset of Plaintiff's disability was June 30, 1996 (Exhibit H).

10. Plaintiff's own physician reported that his symptoms first appeared in December, 1997 (Exhibit A).

11. The Pension Plan gives the Fund Trustees the sole and absolute discretionary authority to interpret the Plan and to approve or deny benefit claims. (Exhibit D, page 24)

12. The Health Plan gives the Trustees the sole and absolute discretion to determine an applicant's eligibility for disability benefits (Exhibit G, pages 12, 79)

Dated: New York, New York
      January 28, 2008

                                      Raab, Sturm, Goldman & Ganchrow, LLP.

By: _____
                     Michael Geffner (MG-6785)
                     317 Madison Ave. Suite 1708
                     New York, New York 10017
                     Tel: (212)683-6699
                     Fax:(212) 779-8596