UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
MICHAEL YABAI,

        Plaintiff,

        v.

BUILDING SERVICE 32BJ
BENEFIT FUNDS,

        Defendant.
------------------------------x

07 Civ. 7255 (LAP)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/08

LORETTA A. PRESKA, U.S.D.J.

    Defendant Building Service 32BJ Benefit Funds administers a disability pension plan (the "pension plan") and a health benefits plan (the "health plan") that are governed by the Employee Retirement Income Security Act ("ERISA"), 88 Stat. 891, as amended, 29 U.S.C. § 1001 et seq. Plaintiff Michael Yabai was a participant in each and filed this action under ERISA to recover benefits denied to him by Defendant for disability benefits under the pension plan and long term disability ("LTD") benefits under the health plan. Defendant now moves for summary judgment.

    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In determining whether a genuine issue of fact exists, "a court must examine the evidence in the light most favorable to the non-movant." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 253 (2d Cir. 2002) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  So construed, a factual "dispute" is not genuine if no rational fact-finder "could find in favor of the nonmoving party because the evidence to support its case is so slight." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

"A denial of benefits challenged under [ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  "Where the plan reserves such discretionary authority, denials are subject to the more deferential arbitrary and capricious standard, and may be overturned only if the decision is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Kinstler v. First Reliance Std. Life Ins. Co., 181 F.3d 243, 249 (2d Cir. 1999) (quoting Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995)). The plans at issue grant administrators full discretion to

determine eligibility for benefits, and, therefore, the arbitrary and capricious standard applies. See Building Aff.[1] Ex. D (Pension Plan Rules) § 7.07; see also Sekoulovic v. Building Service 32B-J Health Fund, No. 99 Civ. 10321, 2001 WL 687330, at *4 (S.D.N.Y. 2001) (Fox, M.J.).

A.  Eligibility for LTD

To be eligible for long term disability benefits under the health plan, a claimant must have had 36 months of eligibility in that plan which were immediately prior to the date the claimant stopped working due to his disability. See Building Aff. Ex. B (Benefit Denial Letter) at 1; see also id. Ex. G (Health Plan Summary Plan Description) at 11.)  Plan administrators determined that Plaintiff did not meet that eligibility requirement. (See id. Ex. B at 1.)  A letter denying Plaintiff's appeal of his denial explained that "documentation [Plaintiff] submitted states that [his] disability began in 1996, however [his] last day in covered employment was in 1992." (See id. Ex. C (Appeal Denial Letter) at 1.)  Nor had Plaintiff provided documentation "that the four years between 1992 and 1996 ([his] break in service) were due to a work related injury or some other type of approved leave of absence." (Id.)  The

---

[1] Reference is to the Affidavit of Mario Building, sworn to January 25, 2008.

3

documents submitted by Plaintiff and Defendant support this conclusion and, consequently, do not raise a triable issue of fact as to whether the administrators' decision was without reason, unsupported by substantial evidence or erroneous as a matter of law.

B.  Eligibility for Disability Pension

A claimant will be eligible for disability pension benefits under the pension plan if (a) he is totally and permanently disabled, (b) he has accrued 120 months of service credit, and (c) he became disabled while working on in covered employment. (See id.; see also id. Ex. D § 4.09.)  A claimant will not receive credit for work, however, if there is a subsequent break-in-service. (See id. Ex D § 5.03.)  Such a break occurs when a participant, who has not achieved vested status,[2] has consecutive one-year breaks in service that equal or exceed the number of Vested Years[3] of service accrued thereto. (See id. § 5.03(c).)

---

[2] A participant achieves vested status if, when he attains the Normal Retirement Age as defined by the plan -- essentially 65 (see Building Aff. Ex. D § 1.19), he has accumulated five years of Vesting Service (see id. § 1.35), as further defined by the plan (see id. § 5.02).

[3] A participant is attributed one year of Vested Service, among other things, if he is credited with at least 22 weeks of employment in any plan year. (See Building Aff. Ex. D § 5.02(a)(i).)

4

Reviewing Plaintiff's work history, plan administrators denied his claim for disability pension benefits because he had not accrued 120 months of service credit. (See id. Exs. B, C; see also id. Ex. E (Social Securities Administration ("SSA") Earnings Statement for Plaintiff); id. Ex. F (32BJ Statement of Accrued Service Credits for Years 1982-2001).) Plaintiff contests this calculation, arguing that he wrongly was denied service credit for work he performed in 1975, 1981 and 1987. (See Pro-Se Submission of Plaintiff Michael Yabai at 1, Yabai v. Building Serv. 32BJ Ben. Funds, No. 07 Civ. 7255, dkt. no. 17 (filed Feb. 14, 2008) (hereinafter "Yabai Letter").)

First, administrators properly denied Plaintiff service credit for work performed from 1975 through 1977 due to a break-in-service from 1978 through 1980. Plaintiff's SSA Earnings Statement reflects no employment for Plaintiff in 1978, 1979 or 1980. (See Building Aff. Ex. E at 1-2.) Even assuming each of his years of work from 1975 through 1977 are considered Vested Years under the plan, Plaintiff's three-year break in employment equals that number and constitutes an effective break-in-service.

Second, contrary to Plaintiff's assertion, administrators did attribute service credit to work performed by Plaintiff in 1987. (See, e.g., id. Ex. F (reflecting total 26 weeks and 6 months credited).) Plaintiff relies on an earlier 32BJ

5

Statement of Accrued Service Credits for Years 1976-1995, on Defendant's letterhead, that reflects zero total weeks for 1987 and zero months credited for any of the years from 1976 through 1995. (See Yabai Letter at 29.) That document, however, is clearly not the document relied upon by Defendant in evaluating Plaintiff's eligibility -- if it were, administrators would have credited Plaintiff with zero months, not 98. Plaintiff's document is not relevant to this motion and, therefore, cannot create a question of fact.

Third, the 32BJ Statement of Accrued Service Credits presented by Defendants does not include any calculation for Plaintiff's work performed in 1981. (See Building Aff. Ex. F.) As counsel for Defendant points out, however, administrators included work from that year in their ultimate conclusion that Plaintiff did not have the 120 months necessary to receive a disability pension. (See Def.'s Mem. 4 ("[Plaintiff's] total months for the 1981 - 1991 period amounted to 98, well short of the required 120.").) The SSA Earnings Statement reiterates the fact that such work occurred (see Building Aff. Ex. E at 2), as does the Building Affidavit (see id. ¶ 7). The failure to provide any documentary evidence as to whether plan administrators appropriately calculated the service credit for Plaintiff's work performed in 1981, however, does not undermine the conclusion that Plaintiff is not entitled to disability

6

pension benefits.  Even if Plaintiff was entitled to the full measure of credit available in that year -- 12 months -- he would still fall short of the 120 months required under the plan.

CONCLUSION

For the foregoing reasons, I conclude that there is no genuine issue of material fact that the decision to deny Plaintiff's claim for disability pension and LTD benefits was not without reason, unsupported by substantial evidence or erroneous as a matter of law.  Therefore, Defendant's motion for summary judgment [dkt. no. 14] is GRANTED.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.


SO ORDERED:

DATED:     New York, New York
           August 29, 2008

                                    _____
                                    LORETTA A. PRESKA, U.S.D.J.